C. N. MASON v. A. H. STEPHENS.

(Filed 10 March, 1915.)

1. **Equity — Injunction—Affidavit—Pleadings—Amendments—Court's Discretion—Appeal and Error.**

    When an affidavit has been used as a complaint in a suit to enjoin the cutting of timber, and so spoken of and regarded by the parties, it is error to dismiss the action upon the ground that no complaint had been filed; and while the action of the trial judge in refusing to permit an amendment to pleadings is usually a matter within his discretion and not reviewable (Revisal, sec. 505), it was error, under the circumstances, for the judge to refuse an amendment in effect to change the affidavit into the form of a complaint.

2. **Equity—Injunction—Agreement—Superior Court—Incorrect Theory—New Action—Appeal and Error—Costs.**

    An agreement in a suit to enjoin the defendant from cutting trees on lands alleged to belong to the plaintiff, by which the defendant was to continue the cutting under a bond to pay damages, awaiting the final result of the action, renders it unnecessary for the original cause to be retained when a new action has since been brought to recover the damages; but the judge having dismissed the suit asking for injunctive relief upon the wrong theory, the costs of appeal is taxed against both parties to this appeal.

APPEAL by plaintiff from *Peebles, J.,* at September Term, 1914, of CRAVEN.

*W. D. McIver and R. A. Nunn for plaintiff.*
*H. L. Gibbs and A. D. Ward for defendant.*

CLARK, C. J. The action was brought to obtain a restraining order and an injunction against the defendant cutting certain timber, which was granted. The affidavit was treated as a complaint, though it was not so entitled. The answer refers to it as the "complaint." During the progress of the cause the parties entered into an agreement by which the timber was to be cut by the defendant and the proceeds secured to await the final result of action. A new action was brought to recover such proceeds.

168—24

Subsequently the defendant moved to dismiss the action because no complaint had been filed. The plaintiff, thereupon, moved to be allowed to amend his pleading so as to entitle his affidavit as a complaint. This motion the court refused, and dismissed the action.

It is true that the granting or refusal of a motion to amend pleadings is usually in the discretion of the court. Revisal, 505. But in this case the affidavit of the plaintiff had been treated as a complaint and the answer had recognized it as such, and the court was not justified in dismissing the proceeding upon that ground. Revisal, 495.

But the object of the action had been attained by the agreement between the parties that the defendant should cut the timber, securing the proceeds, and a new action having been brought by this plaintiff against the same defendant to recover such proceeds, there was no reason why the cause should have been retained longer on the docket. It was therefore properly dismissed, but for a different reason from that assigned by the court.

While the judgment should be affirmed, the cause of action having been admitted by the agreement which dispensed with the necessity of a restraining order, the costs below and the costs in this appeal should be divided between the parties.

Modified and affirmed.